IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SHAWN LEE BOYD,                        §
(Tarrant No. 0383146)                  §
VS.                                    §          CIVIL ACTION NO.4:13-CV-874-O
                                       §
                                       §
DEE ANDERSON, Sheriff,                 §
Tarrant County, Texas                  §

OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se inmate and  plaintiff Shawn Lee Boyd's

case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). In this case, Boyd

submitted a form civil-rights complaint, with attachments, seeking relief under 42 U.S.C. § 1983.

Boyd names as defendant Dee Anderson, sheriff, Tarrant County, Texas. (Compl. Style; § IV(B).)

Boyd complains of an injury sustained when a metal cage or housing surrounding a fire alarm/smoke

detector fell on the top of his head. (Compl. § V.) Boyd seeks to be compensated for his injuries.

(Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed

under 28 U.S.C. § 1915.[1]  Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore,

as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when
an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a
claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28
U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also
Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)),
*abrogation on other grounds recognized, Mosser v. Haney,* No.3-03-CV-2260-B, 2005 WL 1421440, at *7 (N.D. Tex.
June 17, 2005)).

complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Boyd's claims must be dismissed.

Boyd specifically claims as follows:

I was sitting waiting for my name to be called before the courts. While waiting the metal cage surrounding the fire alarm/smoke detector fell on top of my head towards the back where I started bleeding. I went to the Tarrant County medical lab where I got medical treatment etc. I've constantly have [sic] been having headaches/dizzy spells. I feel that Dee Anderson didn't properly take the right safety precautions for my health or my safety and security. (Compl. § V.)

Boyd also alleges:

I feel the defendant didn't properly secure my safety by making sure the smoke detector cages were up to par.
(Compl. § IV(B)).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] The constitutional

---

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *See Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

rights of a pre-trial detainee flow from the procedural and substantive guarantees of the Fourteenth Amendment.[7] The Fourteenth Amendment protects the detainee's right to be free from punishment prior to an adjudication of guilt.[8] The applicable legal standard in the Fifth Circuit, however, depends on whether the claim challenges a 'condition of confinement' or an 'episodic act or omission.'[9] A condition-of-confinement case is a constitutional attack on "general conditions, practices, rules, or restrictions of pretrial confinement."[10] A claim of episodic act or omission occurs when the "complained-of harm is a particular act or omission of one of more officials."[11] As Boyd's claims involve specific events, his claims are of an episodic act or omission.

The Fifth Circuit has held that the deliberate-indifference standard normally associated with Eighth Amendment claims also applies with respect to episodic-act-or-omission claims by pretrial detainees.[12] Under that standard, an inmate is required to allege facts that indicate officials were deliberately indifferent to his health or safety.[13] A detainee is required to establish that the defendant official has actual subjective knowledge of a substantial risk of serious harm but responds with

---

[7] *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525-26 (5th Cir. 1999).

[8] *See Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979).

[9] *Olabisiomotosho,* 185 F.3d at 526; *see also Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996), *appeal after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998).

[10] *Hare,* 74 F.3d at 644; *see also Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(*en banc*)(citing as examples such claims as "the number of bunks in a cell or his television or mail privileges").

[11] *Scott,* 114 F.3d at 53.

[12] *Hare*, 74 F.3d at 647-48.

[13] *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

deliberate indifference to that risk.[14]  Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants."[15] This subjective deliberate-indifference standard is equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable defining the Eighth Amendment for denying an inmate humane conditions of confinement unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.[16]

A review of Boyd's factual allegations indicate that he has not stated any claims that would constitute deliberate harm or wanton disregard of his rights. Boyd complains that the metal housing around the fire alarm was not "properly secured," was not "up to par," and that Sheriff Anderson "didn't properly take the right safety precautions." Such factual allegations do not satisfy the standard that defendant Anderson was aware of a substantial risk of harm to Boyd and disregarded it. As another court recently stated in a review of similar facts: "Plaintiff's allegations regarding a piece of metal falling does not present a violation of a constitutional right."[17]  At most, Boyd's allegations might support a claim that jail officials were negligent. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983.[18] "Rather, a 'slip and fall case,' without more, is merely

---

[14] *Hare,* 74 F.3d at 643 and 650.

[15] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985); *see also Wilson v. Seiter,* 501 U.S. 294, 297 (1991).

[16] *Farmer,* 511 U.S. at 837; *see also Hare,* 74 F.3d at 648 ("[W]e conclude that a deliberate indifference standard is compelled by our cases and consistent with the relevant teachings of the Supreme Court. We hold that the episodic act or omission of a state jail official does not violate a pretrial detainees's constitutional right to be secure in his basic human needs, such as medical care and safety, unless the detainee demonstrates that the official acted or failed to act with deliberate indifference to the detainee's needs").

[17] *Smith v. Wilkinson,* No. 12-CV-79, 2012 WL 1712583, at *1 (W.D. La. April 10, 2012)(citing *Benton v. Grant,* 31 F. App'x 160 (5th Cir. 2001)(no remedy under § 1983 for injuries sustained in slip and fall or for defendants failure to repair leaky ceiling), *rep. and rec adopted,* 2012 WL 1712505 (May 15, 2012).

[18] *See, e.g., Daniels v. Williams,* 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon,* 474 U.S. 344, 347-48 (1986)(stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *see also Beasley v. Anderson,* 67 Fed. Appx.

a state tort claim to be pursued in state court."[19]  Boyd's claim for relief under 42 U.S.C. § 1983

arising from the allegedly unreasonable and unsafe condition of the metal unit surrounding the fire

alarm/smoke detector does not state a claim of violation of a constitutional right, and thus must be

dismissed.

Therefore, all Plaintiff's claims are DISMISSED WITH PREJUDICE under 28 U.S.C. §

1915A(b)(1) and under 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED November 27, 2013.


_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

242, 2003 WL 21108537, at *1 (5th Cir. 2003)([the prisoner's] claim regarding a slip and fall sounds in negligence, which is insufficient to allege a constitutional violation)(citing *Threlkeld v. Total Petroleum, Inc.*, 211 F.3d 887, 891-92 (5th Cir.2000)); *Feagley v. Waddill,* 868 F.2d 1437, 1440  (5th Cir.1989)("negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment")(citing *Daniels,* 474 U.S. 327)).

[19]*Edwards v. Medical Staff at Graterford Prison,* No. 85-6147*,* 1985 WL 3738 at *1 (E.D.Pa. Nov. 12, 1985)(citing *Mitchell v. State of West Virginia,* 554 F.Supp. 1215, 1217 (N.D.W.Va. 1983); *see generally Nobles v. Grimes,* 350 Fed. Appx. 892, 893, 2009 WL 3416238, at * 1 (5th Cir. Oct. 23, 2009)([Inmate] Noble's allegations are insufficient to show that the defendants were deliberately indifferent to a substantial risk of serious harm. *See Palmer v. Johnson,* 193 F.3d 346, 352 (5th Cir. 1999). Noble's allegations specifically do not permit a finding that the defendants either (a) had sufficient information to infer that the conditions in the shower area presented a substantial risk of harm to prisoners' health or safety or (b) actually drew an inference that inmates faced a risk of harm form the conditions in the shower area. *See id.*  Instead, Noble's complaint, at most, alleges a claim of negligence, which is not actionable under 42 U.S.C. § 1983.  *See Daniels v. Williams,* 474 U.S. 327, 332-36 (1986); *Marsh v. Jones,* 53 F.3d 707, 711-12 (5th Cir. 1995). Accordingly, the district court did not err when it dismissed Noble's complaint for failure to state a claim for which relief may be granted).